AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____Delaware_____

| UNITED STATES OF AMERICA | |
|---|---|
| V. | **ORDER OF DETENTION PENDING TRIAL** |
| Michael Shivers | Case Number: 08-108M |
| *Defendant* | |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

(1) There is probable cause to believe that the defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(e).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

(1) There is a serious risk that the defendant will not appear.
(2) There is a serious risk that the defendant will endanger the safety of another person or the community.

FILED
JUN 30 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by   X   clear and convincing evidence   X   a preponderance of the evidence: Defendant is charged with possession of a firearm by a convicted felon in violation of 18 USC § 922 & 924. Defendant waived his right to a preliminary hearing. The court finds that there are no conditions or combination thereof that will reasonably assure defendant's apperance as required and the safety of the community because:

**Nature of the Offense:** Defendant is charged with a weapons offense of a serious nature for which danger may be shown.

**Strength of the Evidence:** Presently, the unrefuted evidence shows that upon the execution of a search warrant, defendant was found in possession of a functioning Florida Firearms Corp 32 caliber revolved which was made in West Germany. After being Mirandized, defendant admitted that he found the firearm about 3 weeks ago and attempted to sell it on the street unsuccessfully. He then stored the weapon at his girlfriend's home in the room of a child. He admitted sole possession of the firearm. As a result all of the elements of the offense exist and none have been disputed.

**History & Characteristics of Defendant:** Defendant has 19 previous arrests and is 27 years old. His prior conviction include: possession of a deadly weapon by a person prohibited in 2006; July 2003 assault 3d and resisting arrest for which he was found in VOP; August 2001 resisting arrest and assault 3d for which a capias for FTA was issued and defendant was found in VOP on two occasions; receiving stolen property (juvenile) for which a capias for FTA was issued; robbery 2d in 1998 and receiving stolen property in 1996. In March 2008, defendant was indicted in state court for possession of a firearm during the commission of a felony, aggravated menacing, discharge of a weapon north of the canal and possession of a deadly weapon by a person prohibited. Therefore within in 2 years defendant has been convicted of one weapons offense and charged with two additional weapons offenses.

AO 472 (Rev. 3/86) Order of Detention Pending Trial

**Part III—Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| June 30, 2008 | _[signature]_ |
|---|---|
| Date | Signature of Judicial Officer |
| | Mary Pat Thynge, Magistrate Judge |
| | Name and Title of Judicial Officer |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).